PER CURIAM.
Following Hurricane Andrew, the insurance carrier in this case admitted its liability under a homeowner’s policy but disputed the damage claim submitted by its insured homeowner. When the parties could not resolve their differences, the matter went to mediation, which failed. The homeowner then brought this action for breach of contract by reason of failure of the carrier to pay the claimed losses. A provision of the insurance contract at issue provides:
If you and we fail to agree on the actual cash value or amount of loss, either party may make written demand for an appraisal. Each party will select an appraiser and notify the other of the appraiser’s identity within 20 days after the demand is received.
While the action was pending, the carrier as defendant filed a motion on August 30, 1994 to compel appraisal pursuant to the above *417 provision. The carrier did not identify the appraiser selected by the carrier. The motion to compel was heard by the trial court on December 1, 1994, at which hearing the court indicated it would be granted. The written order actually granting the motion was not entered until January 24, 1995. On December 22, 1994, before the court issued that written order, but twenty-one days after hearing, the carrier sent the homeowner the name of its appraiser. No response came from the homeowner. The carrier thereafter filed a motion to compel the homeowner to name its appraiser. After hearing, the trial court granted that motion, by written order entered April 19, 1995. That order became dispositive of the action and the homeowner appealed.
It is the homeowner’s position here that the carrier was required to notify him either within 20 days following the filing of the initial motion to compel the appraisal or within 20 days following the hearing on December 1, 1994. In other words, the homeowner’s position is that in the latter event the carrier was one day late in identifying its appraiser.
We do not believe that under the circumstances that the carrier’s conduct was so inconsistent with the time provided for notification under the policy that its failure to so act constituted a waiver. With the parties at a complete standoff, a resort to the court was essential. Consequently, the parties might have waited until a written order confirming the rulings had been entered. Nonetheless, compliance here by the carrier was substantial. We further note that prior to the homeowner being required to name his appraiser, he did have the enhanced benefit of the identity of the carrier’s appraiser so he can claim no prejudice in that regard. Having activated the jurisdiction of the court, the carrier had a right to rely on the written orders of the court.
Affirmed.